## EMMA GOLD, RESPONDENT, v. ALBERT SCHIPPER, PROSECUTOR.

Argued February 15, 1921—Decided May 26, 1921.

1. In order to give a justice of the peace jurisdiction in summary proceedings under the Landlord and Tenant act, the affidavit filed with the justice must set out the facts showing the relation of landlord and tenant, and any other facts which under the statute are essential to authorize the removal.
2. While the grantee of the reversion of lands may terminate the tenancy in accordance with the lease, still, where that circumstance is relied upon, the affidavit initiating the summary proceeding to dispossess the tenant must show that the claimant was such grantee at the time he gave the notice designed to terminate the tenancy.
3. In a summary proceeding under the Landlord and Tenant act, where the tenant appears and demands proof of the jurisdictional facts, such proof must be submitted; and the invalidity of a judgment entered over objection without such proof is not cured by the mere fact that the tenant offered himself as a witness, it appearing that he was not examined as to such jurisdictional facts.

On *certiorari,* &c.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the prosecutor, *Jeremiah A. Kiernan.*

For the respondent, *Elmer L. McKirgan.*

The opinion of the court was delivered by

TRENCHARD, J. The justice of the peace in the court below rendered a judgment in favor of Emma Gold for possession of certain premises in a summary proceeding under the Landlord and Tenant act (*Comp. Stat. Supp., p.* 891), and the tenant, Albert Schipper, obtained this writ to review the legality of that judgment.

We are of the opinion that the court below was without jurisdiction.

In order to give the justice jurisdiction the affidavit must set out the facts showing the relation of landlord and tenant and any other facts which under the statute are essential to authorize the removal. *Fowler* v. *Roe,* 25 *N. J. L.* 549; *Wooley* v. *Lane,* 51 *Id.* 504; *Gray* v. *Reynolds,* 67 *Id.* 169.

The affidavit filed with the justice was made by Emma Gold on October 15th, 1920. It states, in effect, that Schipper was in possession of the premises as a tenant from "month to month" under an agreement between him and Edward Brown and Clement Brown; and that on September 1st, 1920, the affiant, Emma Gold, caused a notice to be served on Schipper requiring him to deliver possession of the premises *to her* on October 1st, 1920. It further states that the premises were "formerly owned by Edward Brown and Clement Brown and purchased by her [Emma Gold] from them," but upon what date and whether before or after the notice was given does not appear. If we assume for the purposes of this case that the affidavit thus established that the affiant was the grantee of the reversion at the time the affidavit was made, yet, certainly, it fails to show that she was such at the time she gave the notice designed to terminate the lease between the tenant and the original landlord, and, hence, the affidavit was insufficient. While the grantee of the reversion of lands may terminate the tenancy in accordance with the lease, still, where, as here, that circumstance is relied upon, the affidavit initiating the summary proceeding to dispossess the tenant must show that the claimant was such grantee at the time she gave the notice designed to terminate the tenancy. *Roberts* v. *McPherson,* 62 *N. J. L.* 165.

There is another difficulty with this proceeding. The return discloses that at the time appointed in the summons the tenant "demanded that proof be produced of the matters in the affidavit contained; plaintiff refused, saying that affidavit was sufficient, that she would rest her case on the affidavit." It further discloses that the plaintiff then rested her case and that a motion to dismiss made by the tenant was overruled. We think that the denial of that motion was erroneous. The

rule is that where, as here, the tenant appears and demands proof of the jurisdictional facts, such proof must be submitted. *Comp. Stat., p.* 3073, § 18*e; Hankins* v. *Maul,* 63 *N. J. L.* 153. And we think such error was not cured by the mere fact that, after his motion to dismiss had been overruled, the tenant offered himself as a witness, it appearing that he was not examined as to such jurisdictional facts.

The judgment below will be set aside.